UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAMOUNT INTERNATIONAL          :
ASSOCIATION LTD.

      Petitioner,                                  :

  - against -                                           :

                                          :

KUEHNE & NAGEL LTDA.,            :

      Respondent.                                :
------------------------------------------------------X



# PETITONER'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS PETITION TO COMPEL ARBITRATION

## PRELIMINARY STATEMENT

Seamount International Association Ltd. ("Seamount") submits this Memorandum of Law in Support of its Petition to Compel Arbitration against Respondent, Kuehne & Nagel Ltda. ("K&N"), in accordance with Section 4 of the Federal Arbitration Act, 9 U.S.C. §4.

As set forth in the accompanying Affidavit of Nancy R. Peterson, the dispute between the parties involves an alleged claim for cargo damage and claims for non-payment of freight, detention, and other charges due and owing under a Booking Note Contract dated December 10, 2003.

The arbitration clause incorporated into the Booking Note is broad in scope and contemplates the submission of "any dispute" to arbitration in New York pursuant to the rules of the Society of Maritime Arbitrators. K&N initiated arbitration and Seamount lodged a counterclaim in the arbitration. However, despite the fact that K&N and Seamount have already agreed on an arbitrator and Seamount has submitted its initial arbitration submission, K&N has withdrawn from the arbitration. Seamount has been, and will continue to be, prejudiced by K&N's failure to arbitrate the dispute. For the foregoing reasons, Seamount's Petition to Compel Arbitration should be granted.

## FACTS

Seamount will rely on the facts as set forth in its Verified Petition to Compel Arbitration and the Affidavit of Nancy R. Peterson ("Peterson Affidavit") accompanying this Memorandum of Law.

## ARGUMENT

### POINT I

### K&N SHOULD BE COMPELLED TO ARBITRATE IN ACCORDANCE WITH SECTION 4 OF THE FEDERAL ARBITRATION ACT

In order to grant a petition to compel arbitration under the Federal Arbitration Act, the court must determine that: (1) the dispute is covered by a written agreement to arbitrate; and (2) the petitioner has been aggrieved by the respondent's failure, neglect or refusal to arbitrate. *See Commodity Services Inc. v. Philip & Lion*, 613 F.2d 1222, 1225 (2d Cir. 1980). A strong public policy favoring the settlement of disputes through arbitration supports a presumption of arbitrability. *Moses H. Cone Memorial Hospital v. Mercy Construction Corp.*, 460 U.S. 1 (1983).

Section 4 of the Federal Arbitration Act ("Act"), 9 U.S.C. §4 provides in pertinent part as follows:

> §4. Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court which, save for such agreement, would have jurisdiction under Title 28,. . . in an action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served on the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . .

This case is an admiralty matter involving a "maritime transaction" as defined in 9 U.S.C. §1 as it relates to an ocean contract of carriage to which both Seamount and K&N are parties.

### 1. K&N and Seamount are parties to a written agreement – The Booking Note Contract dated December 10, 2003.

The Booking Note is a written agreement between K&N and Seamount. On December 10, 2003, Seamount fixed the M/V Global Traveller (hereinafter the "Vessel") with K & N via a Conline Booking Note. *See Booking Note annexed to Peterson Affidavit as Exhibit "1."* At all material times Seamount was the Owner of the Vessel, Scan Trans was its agent, K&N was the charterer of the Vessel, Ambev was the cargo owner, and Narval was the broker. *See Bill of Lading annexed to Peterson Affidavit as Exhibit "2."* In accordance with the Booking Note, the Vessel was to load a second-hand knocked down brewery in Santos, Brazil for discharge in Callao, Peru. Notably, the booking note expressly stated that the Charterer must provide the final packing list 10 days prior to the vessel's arrival. *See Box 9 of the Booking Note at Exhibit "1" annexed to the Peterson Affidavit.*

Furthermore, K&N has never denied that it was a party to the Booking Note with Seamount. Thus, there can be no doubt that there is written agreement to which both Seamount and K&N are parties.

### 2. The Booking Note includes an Arbitration Clause.

Rider Clause 38 of the Booking Note specifically provides that:

**ARBITRATION**: Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with rules for arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

When analyzing an arbitration clause to determine whether a particular dispute falls within the scope of the parties' agreement, a court should undertake a three part inquiry. *Louis Drefys Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218 (2d Cir. 2001). The first

step in the inquiry is to classify the breadth of the arbitration clause as being either "broad" or "narrow." If the clause is classified as being "narrow," the second step is for the court to determine whether the dispute is over an issue within the purview of the clause or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. Where the clause is "narrow" in scope, a collateral matter is generally beyond its purview. But when the clause is "broad" in scope, according to the third step, "there arises a 'presumption of arbitrability' and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction of the parties' rights and obligations under it." *Id.* at 224, *citing Collins & Aikman Profs. Co. v. Bldg. Sys. Inc.,* 58 F.3d 16, 23 (2d Cir. 1995).

Here, the arbitration clause provides that "all disputes" arising under the Booking Note and the bills of lading are to be referred to arbitration. As a result, any and all claims arising under the Booking Note and/or under the bills of lading should be referred to arbitration. This is a broad arbitration clause and there is a presumption of arbitrability. Therefore, all disputes in relation to the Booking Note, even collateral ones, must be referred to arbitration in New York. Thus, the arbitration clause is broad enough to bind K&N to arbitrate.

### 3. The underlying dispute-alleged claims for cargo damage and the failure to pay freight and other charges due and owing under the Booking Note- fit squarely under the clause of the Booking Note Contract providing for arbitration

The underlying dispute, involving claims for cargo damage and the failure to pay freight, detention and other charges accrued under the Booking Note clearly arise out of the Booking Note.

Seamount has made claims against K&N for: (1) outstanding freight as provided for in Clauses 19, 29 and 30 of the Booking Note; (2) failure to pay the costs incurred in building and

planning a racking system for additional cargo in breach of Clauses 9, 10, 26 and 35 of the Booking Note; (3) failure to pay terminal handling charges due under Clause 31 of the Booking Note; (4) failure to pay Standby Charges incurred at Load and Discharge ports due and owing under Clauses 11, 24, 25 and 31 of the Booking Note; (5) failure to pay interest accrued on the initial freight payment in breach of Clause 30 of the Booking Note; and (6) interest from the date of the breach and legal expenses incurred in the arbitration proceedings as provided for under Clause 38 of the Booking Note. *See Peterson Affidavit at ¶15.*

All of the claims listed above arise out of K&N's breach of various provisions of the Booking Note. Thus, the dispute between Seamount and K&N, which clearly involves the interpretation of various provisions of the Booking Note, falls squarely within the arbitration clause set forth therein.

### 4. Seamount is aggrieved by K&N's failure to arbitrate.

Seamount is aggrieved by K&N's failure to arbitrate. The Federal Arbitration Act carefully limits the role of courts when considering motions to compel arbitration. *Contocommodity Services Inc. v. Philipp & Lion*, 613 F.2d 1222 (2d Cir. 1980). The statutory language under Section 4 of the Act is straight forward; unless the making of the agreement to arbitrate or "the failure, neglect or refusal" of one party to arbitrate is in dispute, the court must compel arbitration. *Id.* as 1225.

Here, neither the making of the agreement to arbitrate nor the refusal of one party to arbitrate is in dispute. In fact, K&N was the party that initially demanded arbitration. Seamount presented K&N a detailed list of its counter claims against K&N regarding the Booking Note of the M/V Global Traveller. *See Letter from Seamount annexed to Peterson Affidavit as Exhibit "3."* K&N then claimed that damage had been caused to the cargo during loading and ocean

voyage. *See Letter from K&N dated March 14, 2005 annexed to the Peterson Affidavit as Exhibit "4."*

On March 24, 2005, K&N initiated arbitration stating that "pursuant to Clause 38 of the Liner Booking Note of Seamount International Association Ltd. dated December 10, 2003, we hereby commence arbitration on behalf of these clients against Seamount under the Rules of the Society of Maritime Arbitrators." *See Letter dated March 24, 2005 annexed to Peterson Affidavit as Exhibit "5."*

K&N offered the three following individuals as possible sole arbitrators; Harold J. Halpin, David W. Martowski, and Lloyd C. Nelson. *See id.* On January 10, 2006, Seamount replied to K&N's demand for arbitration. Seamount advised that it would be counterclaiming against K&N for unpaid freight, costs and other damages arising from K&N's breach of the Booking Note. *See Letter from Patrick F. Lennon dated January 10, 2006 annexed to Peterson Affidavit as Exhibit "6."* In addition, Seamount advised K&N that it would accept David W. Martowski as a sole arbitrator. *See id.*

Mr. Martowski ultimately accepted his appointment as sole arbitrator. He then inquired whether the parties wished to proceed by the submission of documents or hearings will be required. Mr. Martowski ultimately accepted the parties' appointment as sole arbitrator. *See E-mail from Mr. Martowski annexed to Peterson Affidavit as Exhibit "8."*

A schedule to submit the initial arbitration submissions was then set forth. The arbitration submissions were to be completed by May 12, 2006. *See Peterson Affidavit at ¶26.* Seamount's submission was duly prepared. However, on April 4, 2006, K&N notified Seamount and Mr. Martowski that, contrary to its earlier arbitration request, it would not assert any affirmative cargo claims. *See E-mail dated April 4, 2006 annexed to Peterson Affidavit as Exhibit "9."*

K&N further stated that it wished to discontinue the arbitration proceedings. *See Peterson Affidavit at ¶27.*

Seamount submitted its initial arbitration submission on May 12, 2006. *See Peterson Affidavit at 28.* K&N has subsequently stated that it refuses to arbitrate in New York, and that any action by Seamount must be brought in the country in which Seamount has its principal place of business. *See Letter from Ernest Gelman annexed to Peterson Affidavit as Exhibit "10."*

Seamount has suffered, and will continue to suffer considerable prejudice if K&N is not compelled to arbitrate its claims in New York. Seamount has incurred legal expenses in preparing its claims for arbitration, and K&N is now claiming that Seamount's claims are time-barred as Seamount did not initiate suit within one year from the date its cause of action accrued.

K&N's claims are without merit. Arbitration was timely and properly initiated. However, K&N is now backing out of the arbitration, hoping to delay the adjudication of the issues to an even later date all to Seamount's prejudice. However, Seamount's claims arise under the Booking Note, and the only proper forum for their adjudication is arbitration in New York. *See Peterson Affidavit at ¶32.* K&N's recent refusal to arbitrate the disputes between the parties in is in derogation of the Booking Note's provision providing for arbitration in New York.

## CONCLUSION

The requirements of 9 U.S.C. § 4 have been met, in that the dispute concerning both K&N's cargo damage claims and Seamount's claims for non-payment of amounts due and owing under the Booking Note, are covered by a written agreement, the Booking Note, which contains

a valid and enforceable arbitration clause. At this late date, K&N has refused to arbitrate resulting in Seamount's being aggrieved, thus, an Order compelling K&N to arbitrate is required.

For the reasons set forth above, Seamount respectfully requests this Court to order Kuehne & Nagel Ltda. to arbitrate all disputes relating to charter of the Vessel, the M/V Global Traveler, in New York in accordance with the Rider Clause 38 of the Booking Note dated December 10, 2003. A proposed Order Compelling Arbitration is annexed to the Peterson Affidavit as Exhibit "11."

Dated: New York, NY
July 27, 2006

Respectfully submitted,

Tisdale & Lennon, LLC
Attorneys for Petitioner
SEAMOUNT INTERNATIONAL ASSOCIATION LTD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
plennon@tisdale-lennon.com
npeterson@tisdale-lennon.com