UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAMOUNT INTERNATIONAL
ASSOCIATION LTD.,

          Petitioner,

- against -

KUEHNE & NAGEL LTDA.,

          Respondent.
------------------------------------------------------X

## AFFIDAVIT OF NANCY R. PETERSON

State of New York    )
                            ) ss.:
County of New York  )

       NANCY R. PETERSON, having been duly sworn, deposes and states the following under oath:

       1.     I am a member in good standing of the Bar of this Court and am an attorney in the law firm of Tisdale & Lennon, LLC, which represents the interests of the Petitioner, Seamount International Association Ltd. (hereinafter "Seamount" or "Petitioner") herein.

       2.     I am familiar with the facts of the case, and I submit this Affidavit in Support of: (A) Seamount's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; and (B) Seamount's Petition to Compel Arbitration with Respondent, Kuehne & Nagel Ltda. (hereinafter "K&N" or "Respondent").

       3.     At all material times, Petitioner was, and is, a business entity organized

under the laws of Texas with an office and principal place of business in Houston.

4. At all material times, Respondent, K&N was, and is, a company organized and existing under foreign law.

5. This is an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure in that it involves a breach of a maritime contract. This case also falls within the Court's jurisdiction pursuant to the Arbitration Act, 9 U.S.C. §1 et seq.

6. The underlying dispute in this matter involves an allegation of cargo damage by K&N. In addition, the underlying dispute concerns Seamount's allegations that K&N has failed to pay amounts due and owing under the Booking Note Contract dated December 10, 2003.

## A. IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

7. I have attempted to locate K&N within this District. As part of my investigation to locate the K&N within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and, finally, I checked the New York State Department of Corporations information database which revealed no listings for the K&N.

8. I submit that K&N cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

9. Upon information and belief, the K&N has, or will have during the pendency of this action, property, goods, chattels or credits and effects within the District in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank.

10. This is the Seamount's first request for this relief made to this or any other court.

## B. IN SUPPORT OF SEAMOUNT'S PETITION TO COMPEL ARBITRATION

11. On December 10, 2003, Seamount fixed the M/V Global Traveller (hereinafter the "Vessel") with K&N via a Conline Booking Note. *See Booking Note annexed hereto as Exhibit "1."* At all material times Seamount was the Owner of the Vessel, Scan Trans was its agent, K&N was the charterer of the Vessel, Ambev was the cargo owner, and Narval was the broker. *See Bill of Lading annexed hereto as Exhibit "2."*

12. In accordance with the Booking Note, the Vessel was to load a second-hand knocked down brewery in Santos, Brazil for discharge in Callao, Peru. *See Box 9 of the Booking Note at Exhibit "1".*

13. Rider Clause 38 of the Booking Note provides for arbitration in New York. The arbitration clause states:

> **ARBITRATION**: Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with rules for arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

14. During the course of the voyage, certain disputes arose between Seamount and K & N regarding alleged breaches of the Booking Note. Seamount provided K&N with a detailed list of its claims. *See Letter dated January 24, 2005 annexed hereto as Exhibit "3."*

15. Seamount has made claims against K&N for: (1) outstanding freight as provided for in Clauses 19, 29 and 30 of the Booking Note; (2) failure to pay the costs incurred in building and planning a racking system for additional cargo in breach of Clauses 9, 10, 26 and 35 of the Booking Note; (3) failure to pay terminal handling charges due under Clause 31 of the Booking Note; (4) failure to pay Standby Charges incurred at Load and Discharge ports due and owing

under Clauses 11, 24, 25 and 31 of the Booking Note; (5) failure to pay interest accrued on the initial freight payment in breach of Clause 30 of the Booking Note; and (6) interest from the date of the breach and legal expenses incurred in the arbitration proceedings as provided for under Clause 38 of the Booking Note.

16.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings. As best as can now be estimated, Seamount expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claims: | $187,899.48 |
| B. | Interest on claims at 6%, compounded quarterly over 4 years | $50,581.15 |
| C. | Arbitration Costs | $25,000.00 |
| D. | Attorneys' fees | $40,000.00 |
| **Total:** | | **$303,480.63** |

17.     Despite due demand, K&N failed to pay Seamount the amounts due and owing under the Booking Note. Thus, Seamount informed K&N that unless a commercial solution was found, "that arbitration proceedings would be initiated under Booking Note, Rider Clause 38, which clearly describes that any dispute arising under the Booking Note shall be referred to arbitration in New York in accordance with the rules for arbitration proceedings of the Society of Maritime and Arbitrators Inc. in New York.." *See Exhibit "3," p.2.*

18.     K&N then sent Seamount a letter claiming that damage had been caused to the cargo carried aboard the Vessel during loading and ocean voyage. *See Letter from K&N dated March 14, 2005 annexed hereto as Exhibit "4."*

19.     On March 24, 2005, K&N demanded arbitration stating that "pursuant to Clause 38 of the Liner Booking Note of Seamount International Association Ltd. dated December 10,

2003, we hereby commence arbitration on behalf of these clients against Seamount under the Rules of the Society of Maritime Arbitrators." *See Letter from Earnest Gelman dated March 24, 2006 annexed hereto as Exhibit "5."*

20. K&N offered the three following individuals to act as a sole arbitrator; Harold J. Halpin, David W. Martowski, and Lloyd C. Nelson. *See id.*

21. This act effectively precluded Seamount from initiating arbitration as it had already begun.

22. On January 10, 2006, we replied to K&N's demand for arbitration. We advised that Seamount would be counterclaiming against K&N for unpaid freight, costs and other damages arising from K&N's breach of the Booking Note. *See Letter from Patrick F. Lennon dated January 10, 2006 annexed hereto as Exhibit "6."*

23. In addition, we advised K&N that Seamount would accept David W. Martowski as a sole arbitrator. *See id.*

24. We then sent a letter to Mr. Martowski requesting his advice as to whether he was available and willing to accept appointment as a sole arbitrator. *See Letter from Patrick F. Lennon annexed hereto as Exhibit "7."*

25. Mr. Martowski accepted the parties' appointment as sole arbitrator. *See E-mail from Mr. Martowski annexed hereto as Exhibit "8."*

26. A schedule to submit the initial arbitration submissions was then set forth. The arbitration submissions were to be completed by May 12, 2006.

27. Seamount's submission was duly prepared. However, on April 4, 2006, K&N notified Seamount and Mr. Martowski that, contrary to its earlier arbitration request, it would not assert any affirmative cargo claims. *See E-mail dated April 4, 2006 annexed hereto as Exhibit*

"9." At this late date, K&N further stated that it wished to discontinue the arbitration proceedings.

28. Seamount submitted its initial arbitration submission on May 12, 2006.

29. K&N has subsequently stated that it refuses to arbitrate in New York and that any action by Seamount must be brought in the country in which Seamount has its principal place of business. *See Letter from Mr. Ernest Gelman dated June 19, 2006 annexed hereto as Exhibit "10."*

30. Seamount has suffered, and will continue to suffer, considerable prejudice if K&N is not compelled to arbitrate its claims in New York.

31. Seamount has incurred legal expenses in preparing its claims for arbitration and K&N is now claiming that Seamount's claims are time-barred.

32. Seamount's claims arise under the Booking Note, and thus the only proper forum for their adjudication is arbitration in New York.

33. Now, after Seamount has expended significant cost and effort to prepare initial points of claim for K&N's attorney and an initial arbitration submission for Mr. Martowski, K&N has withdrawn from the arbitration claiming that suit must be brought in Seamount's principal place of business.

34. K&N's refusal to arbitrate the dispute between the parties in is in derogation of the Booking Note's provision providing for arbitration in New York.

35. A Verified Petition to Compel Arbitration pursuant to 9 U.S.C. § 4 was filed by Seamount with this Affidavit.

36. Petitioners respectfully submit that K&N should be compelled to arbitrate in accordance with Section 4 of the Federal Arbitration Act. A Copy of the Proposed Order to this effect is annexed hereto as Exhibit "11."

Nancy R. Peterson (NP 2871)

Sworn to before me this
27th day of July, 2006

Notary Public