EXHIBIT 10

LAW OFFICES OF
# ERNEST H. GELMAN

45 Rockefeller Plaza - Suite 2452
New York, NY 10111
Tel: (212) 332-2345
Fax: (212) 332-8301
Email: egelman@gelmanesq.com

OF COUNSEL
ANN L. CHUSID

June 19, 2006

David Martowski, Esq.
91 Central Park West
New York, NY 10023

Re:   *Seamount International v. Kuehne + Nagel Ltda*

Dear Mr. Martowski:

    As you know from the claim, this arbitration was commenced by Kuehne + Nagel Ltda to protect the interests of Kuehne + Nagel South American interests. At the time they were exposed to a potential six figure claim for damages to cargo issued by. Kuehne + Nagel's Brazilian entity for its affiliated non-vessel operating common carrier, Blue Anchor Line (BAL). The arbitration sought indemnity relief for the damage, if any, he carrier, Seamount International Association, Ltd. (Seamount).

    Seamount issued both a bill of lading in favor of BAL and a booking note. Its bill of lading provided that any disputes arising under it are to be decided where the carrier has its principal place of business pursuant to the laws of that country. The rider to the booking note inconsistently provided that disputes under it and bills of lading are to be referred to arbitration under the procedures of Society of Maritime Arbitrators, Inc. in New York.

    Accordingly, my clients brought its indemnity claim against Seamount and its agent both in the arbitration proceeding referred to you and in the United States District Court in Houston, Texas. The Texas matter has since been discontinued, as we expected, this arbitration.

    Despite extensive efforts by both this office and K+N, we have been unable to learn the country or place in which Seamount has it principal place of business. The arbitration we commenced dated from a demand of March 24, 2005 and was sent to Seamount's agent in Texas. An extension of the time bar for that action, including the District Court litigation was denied by the Danish Defense Club, Seamount's P&I club. The Danish club also reportedly refused to state Seamount's place of business. There was no response from Seamount, its agent or its P&I club between March 24, 2005 and

January 2006. It was not until April 2006 that we first received details of a claim being made by Seamount, not relating to the indemnity, but rather for cargo charges and the like allegedly incurred in South America.

When you were advised that the claim on behalf of our clients was withdrawn, it was because the time for any suit by the shipper against K+N had expired. Had a claim been timely brought (and none has brought to date to our knowledge) the real party in interest would have been AON, K+N's liability insurance carrier.

Since the claim now asserted by Seamount is for cargo charges, the real party in interest is K&N itself, without insurance. There were and are two separate, disparate claims.

We are advised that the subject of cargo claims was presented to K+N in South America in early 2005 and the matter therein discussed without resolution between K+N representatives and the Danish P&I club. Thus this dispute, based solely on facts and procedures in South America, is familiar to a Brazilian and a Danish company.

For the foregoing reasons, it is respectfully submitted that unless Seamount's principal place of business is in New York, this matter should not be arbitrated in New York. If necessary, a court of competent jurisdiction may be asked to declare that this arbitration be dismissed, without prejudice. Aside from the legal aspects, in practice the cargo claim relates to the loading, transportation, etc. of cargo in South America, with none of the witnesses being in New York and perhaps not even being English speaking.

It would be helpful were there to be disclosure of Seamount's place of business, but in any event, for the within proceeding to terminate.

Very truly yours,

Ernest H. Gelman

EHG/ll
cc:    Patrick Lennon, Esq.
bcc:   Nils Wolf