UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

SEAMOUNT INTERNATIONAL
ASSOCIATION LTD.,

               Petitioner,

    v.                         06 Civ. 5648 (LTS)

KUEHNE & NAGEL, LTDA.,

               Respondent.

- - - - - - - - - - - - - - - - x

OPPOSITION OF RESPONDENT KUEHNE & NAGEL, LTDA.
TO THE PETITION OF SEAMOUNT INTERNATIONAL
ASSOCIATION LTD. TO COMPEL ARBITRATION

Respondent Kuehne & Nagel, Ltda. ("K&N") respectfully submits this opposition to the petition of Seamount International Association Ltd. ("Seamount") to compel arbitration.

### Preliminary Statement

This Court lacks jurisdiction to adjudicate the present dispute, which involves a shipment of goods from Brazil to Peru by a Brazilian shipper using, upon information and belief, a Liberian carrier.

- The carrier is Seamount. Despite the representation at ¶ 1 of the Petition, Seamount is not a Texas entity. (Declaration of Ernest Gelman, sworn to August 31, 2006 ("Gelman Dec.") ¶¶ 3 and 4). According

to the website its parent corporation maintains, Seamount is a Liberian entity. (Gelman Dec. ¶ 5)

- The shipper is K&N. K&N is a Brazilian company (Affidavit of Nancy Peterson dated July 27, 2006 ("Peterson Aff."), ¶ 4) with no contacts with this district (Peterson Aff. ¶ 7-8), or the United States.

- The dispute involves a contract to ship a dismantled brewery from Brazil to Peru. (Peterson Aff. Ex. 3)

- The only connection between the dispute and the United States is that the booking note provides:

    > "38. Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with the rules for arbitration procedures of the Society of Maritime Arbitrators in New York." (Peterson Aff. Ex. 1, p. 2, ¶ 38)

- However, neither the booking note nor any other agreement between the parties provides that a New York court would have jurisdiction to confirm an arbitral award. Thus, Seamount would not be entitled to a judgment from this Court as a result of an arbitration. Compelling arbitration would therefore prove futile.

Argument

I.

THE COURT LACKS PERSONAL JURISDICTION OVER K&N
BECAUSE K&N HAS NO CONTACTS WITH THE UNITED STATES

In its petition, Seamount argued that the Court should exercise personal jurisdiction over K&N because:

> "28. .... [U]pon information and belief, Respondent has, <u>or will have during the pendency of this action</u>, assets within this District and subject to the Jurisdiction of this Court, held in the hands of garnishees including but not limited to ABN-AMRO, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank and/or Wachovia Bank which are believed to be due and owing to the Respondent.
>
> 29. <u>Seamount seeks an order</u> from the court directing the Clerk of Court to issue Process of Maritime attachment. . . . <u>for the purpose of obtaining personal jurisdiction over K&N</u>, and to secure the [sic] Seamount's claim as described above." (Emphasis added.)

Seamount did not argue that the Court should exercise personal jurisdiction over K&N on any other basis.[1]

Seamount, however, has failed to demonstrate that it seized any assets of K&N as a result of the July 28, 2006 attachment order. The possibility that K&N would have assets

---

[1] Paragraph 38 of the Booking Note does not manifest consent to personal jurisdiction in this Court. While Paragraph 38 provides for arbitration in New York, it does not consent to the jurisdiction of a New York court for any purpose, including confirmation of any arbitral award.

in the United States in the future cannot provide a basis for the Court to exercise of personal jurisdiction over K&N at this time. Reibor International, Ltd. v. Cargo Carriers Ltd., 759 F.2d 262, 263 (2d Cir. 1985)("This case involves the validity of a maritime garnishment served before the garnishee comes into possession of the property to be garnished.... [T]he district court found such a levy absolutely void. We affirm.")[2]

II.

THE COURT SHOULD DECLINE TO EXERCISE SUBJECT MATTER JURISDICTION OVER THIS FOREIGN DISPUTE

A.  The Only Potential Basis For Subject Matter Jurisdiction Is 28 U.S.C. § 1333 Concerning Admiralty Jurisdiction.

Because both Seamount and K&N are aliens, (Gelman Dec. ¶ 5, Peterson Aff. ¶ 4) the Court cannot exercise diversity jurisdiction in this action under 28 U.S.C. § 1332. Joseph Muller Corp. v. Societe Anonyme de Gerance et d'Armement, 451 F.2d 727, 729 (2d. Cir. 1971), cert. denied,

---

[2] The court also lacks personal jurisdiction over K&N because service of process was improper. Paragraph 1 of the July 27, 2006 order of the Court directed Seamount to serve K&N within 10 days of the order. Seamount failed to do that. Instead, Seamount shipped a Federal Express package to a different company, "Kuehne-Nagel Servicos Logisticos," (Affidavit of Nancy Peterson dated August 4, 2006), which is not a party to this action. Absent service in compliance with the July 27, 2006 order, the Court lacks personal jurisdiction over K&N, and should not proceed.

4

406 U.S. 906, 92 S.Ct. 1609 (1972); <u>The Bridgeman Art Library, Ltd. v. Corel Corp.</u>, 25 F.Supp.2d, 421, 430-1 (S.D.N.Y. 1998)("all parties are aliens, and neither the constitutional nor statutory grants of jurisdiction include such a suit.").

Moreover, the Federal Arbitration Act does not provide a basis for Federal subject matter jurisdiction. <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 25, n.32, 103 S. Ct. 927, 942 (1983)("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise.")

B.      The Court May Decline To Exercise Admiralty Jurisdiction.

The Court has discretion to decline to exercise admiralty jurisdiction over a foreign dispute that bears no relation to the United States. <u>Canada Malting Co., Ltd. v. Patterson Steamships, Ltd.</u>, 285 U.S. 413, 421, 52 S. Ct. 413, 415 (1932)("The rule recognizing an unqualified discretion to decline jurisdiction in suits in admiralty between foreigners appears to be supported by an unbroken line of decisions in the lower federal courts."); <u>Cerro De Pasco Copper Corp. v.</u>

Knut Knutsen, O.A.S., 187 F.2d 990, 991 (2d Cir. 1951)("The court's conclusion that it was not the appropriate forum clearly did not constitute an abuse of discretion..."); Establishments El Hadj Oushmanou Chetima v. M/V Balder Chuanchow, 1984 U.S. Dist. LEXIS 17931 *4 (S.D.N.Y. 1984)("In an admiralty suit between foreigners, the court has broad discretion to decline jurisdiction if the forum is inconvenient."); Koupetoris v. Konkar Intrepid Corp., 402 F.Supp. 951, 955 (S.D.N.Y. 1975)("[A] federal district court has 'unqualified discretion to decline jurisdiction in suits in admiralty between foreigners.'").

C.    The Court Should Decline To Exercise Subject Matter Jurisdiction.

The parties are foreign. The transaction in dispute involves the shipment of a dismantled brewery from Brazil to Peru. Accordingly, the knowledgeable witnesses and the relevant documents are located in South America. If Seamount seeks to resolve this dispute, there is no reason it could not seek and obtain the assistance of a court in a convenient forum.

A different forum would be especially practical because this Court could not confirm an arbitral award in this case. A court cannot confirm an arbitral award as a judgment unless the arbitration agreement provided for judicial

confirmation of the award.  The Federal Arbitration Act provides at 9 U.S.C. § 9:

> "<u>If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration</u>, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS @@ 10, 11]." (Emphasis added.)

<u>PVI, Inc. v. Ratiopharm GmbH</u>, 135 F.3d 1252, 1253 (8th Cir. 1998)("[W]e believe that confirmation under the FAA is unavailable in these circumstances.  That is because the FAA provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration."

The arbitration clause in the booking note does not provide that a court may confirm the arbitration award. (Peterson Aff. Ex. 1, p. 2 ¶ 38)  Indeed, paragraph 38 does not even provide that the arbitration shall be "final and binding." See <u>I/S Stavborg v. National Metal Converters, Inc.</u>, 500 F.2d 424, 426, n.1 (2d Cir. 1974).

7

III.

**THE COURT SHOULD NOT COMPEL ARBITRATION OF THE ENTIRE DISPUTE BECAUSE A PORTION OF THE DISPUTE ARISES UNDER THE BILL OF LADING, WHICH DOES NOT PROVIDE FOR ARBITRATION**

Seamount has sought to arbitrate six claims:

(1) "Cargo Quantity – Outstanding Freight;"

(2) "Racking System Costs;"

(3) "Terminal Handling Charges at Santos;"

(4) "Standby in Santos and Callao;"

(5) "Loss of Interest;" and

(6) "Legal Expenses and Interest."

(Gelman Dec. ¶ 6, Ex. D, pp. 6-11)

While the first claim arguably arises under the booking note, the second, third and fourth claims arise under the bill of lading. The bill of lading contains declarations on its first page concerning the "gross weight" of the cargo. Any dispute concerning the amount actually shipped therefore arises under the bill of lading and not the booking note. In addition, the bill of lading contains clauses concerning "8. Loading, Discharging and Delivery," 11. Freight and Charges," and "19. Optional Stowage." (Peterson Dec. Ex. 2 p. 2)

The bill of lading provides that:

"Any dispute arising under the Bill of Lading shall be decided in the country where the carrier has its principal place of business, and the laws of such

country shall apply except as provided elsewhere herein." (Peterson Dec. Ex. 3, p. 2, ¶ 3) Because Seamount is, upon information and belief, a Liberian corporation, its principal place of business is presumably in Liberia.

In any event, the Court has no basis to compel arbitration in New York of claims that arise under the bill of lading. See <u>Hartford Accident and Indemnity Company v. Swiss Reinsurance America Corp.</u>, 246 F.3d 219 (2d Cir. 2001).

## Conclusion

For the reasons set forth above, K&N respectfully requests that the Court deny the motion of Seamount to compel arbitration.

Dated: New York, New York
September 1, 2006

                                 LAW OFFICES OF
                                 ERNEST H. GELMAN

                                 By _____
                                   Ernest H. Gelman (EG4748)
                                Attorneys for Respondent
                                   Kuehne & Nagel, Ltda.
                                45 Rockefeller Plaza
                                New York, New York 10111
                                (212) 332-2345

AFFIDAVIT OF SERVICE OF GERVAISE MOURLET

STATE OF NEW YORK )
                          ss.:
COUNTY OF NEW YORK)

GERVAISE MOURLET, being duly sworn, deposes and says that a copy of Defendant's Memorandum in Opposition to the Petition to Compel Arbitration on September 1, 2006 on:

Nancy R. Peterson
Tisdale & Lennon, LLC
11 West 42nd Street, Suite 900
New York, NY 10036

_____
Gervaise Mourlet

Sworn to before me this
1st day of September, 2006

_____
Notary Public

WILLIAM DUNNEGAN
Notary Public, State of New York
No. 31-4773209
Qualified in New York County
Commission Expires October 31, 2006