UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAMOUNT INTERNATIONAL            :
ASSOCIATION LTD.
                                  :    06 CV 5648 (LTS)
        Petitioner,
                                  :
    - against -
                                  :

KUEHNE & NAGEL LTDA.,             :

        Respondent.               :
------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS PETITION TO COMPEL ARBITRATION

Seamount International Association Ltd. ("Seamount"), by and through its undersigned counsel Tisdale & Lennon, LLC, submits this Reply Memorandum of Law in Further Support of Petition to Compel Arbitration against Respondent, Kuehne & Nagel Ltda. ("K&N"), in accordance with Section 4 of the Federal Arbitration Act, 9 U.S.C. §4.

### PRELIMINARY STATEMENT

Notably, K&N does not dispute that its contract with Seamount contains a binding and enforceable arbitration clause that provides that "Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York." Also of note, K&N fails to raise any valid defense to Seamount's Petition. Instead, K&N raises several red herrings, *e.g.*, inconvenient forum, inadequate service, and argues a lack of diversity jurisdiction that is wholly irrelevant to this case pending pursuant to the Court's admiralty jurisdiction. The inescapable truth is that K&N agreed to arbitrate any claims under either the Booking Note or Bill of Lading in New York.

Most significantly, even assuming *arguendo* that the broad language of the arbitration clause is somehow ambiguous as to K&N's agreement to arbitrate, the Court need simply look to K&N's own actions leading to Seamount's Petition to Compel Arbitration. Specifically, it was K&N that first instituted litigation in the United States, *i.e.*, K&N sued Seamount in the United States District Court for the Southern District of Texas, Civil Action No. H-05-1076. K&N's Texas action is relevant for at least two reasons. First, it completely undercuts K&N's argument that litigation in the United States is inconvenient and should be dismissed in favor of a South American forum. Second, in the Texas litigation K&N entered into a Stipulation that its action there would be stayed pending the very New York arbitration that it now opposes. To wit, K&N stipulated on March 21, 2005 that "The parties have agreed to resolve disputes in this action . . . in a pending New York arbitration proceeding." On March 28, 2005 the Texas court issued the following order: "The parties' joint motion to stay this case pending arbitration is granted."

Still further, K&N commenced the arbitration in New York. This, occurred before K&N withdrew its claims against Seamount. Consequently, this Court should afford little weight to K&N's various arguments in opposition to New York arbitration. The Court should instead grant Seamount's Petition and require K&N to return to the arbitration proceeding that it initiated before the sole arbitrator, David Martowski, that K&N nominated and who Seamount accepted.

## ARGUMENT

### POINT I

### THIS COURT HAS QUASI IN REM JURISDICTION TO COMPEL ARBITRATION BY VIRTUE OF THE ATTACHMENT OF K&N'S ASSETS

The Court has admiralty jurisdiction over the subject matter pursuant to 28 U.S.C. § 1333 as the underlying dispute concerns K&N's breach of a maritime contract. It was on this basis that on July 27, 2006 the Court issued an Order of Maritime Attachment pursuant to

Supplemental Admiralty Rule B. The Court has personal jurisdiction over K&N by virtue of the attachment of K&N's property in the amount of $66,827.22 within the Southern District of New York. In light of the foregoing, therefore, this Court has *quasi in rem* jurisdiction over K&N.

It is well established that there are two purposes of Rule B attachment, *i.e.*, to confer jurisdiction over a foreign defendant and to provide security for the claim. See *Winter Storm Shipping v. TPI*, 310 F.3d 263 (2d Cir. 2002), where the court held that:

> "The rationale underlying maritime attachment is twofold. First, attachment provides a means to assure satisfaction if a suit is successful"; the second purpose is "to insure a defendant's appearance in an action, an aspect of attachment inextricably linked to a plaintiff's substantive right to recover." . . . The jurisdiction conferred by a maritime attachment is characterized as *quasi in rem*.

*Id.* at 268 (citations omitted). More recently, the Second Circuit reaffirmed this holding in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 2006 U.S. App. LEXIS 19302 * 22 (2d Cir. 2006).

Moreover, in *Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navegacion, C.A.*, 169 F. Supp. 2d 1341 (M.D. Fla. 2001), the court concisely held that the attachment of a defendant's property vests the court with jurisdiction to compel that defendant to arbitrate. The court held as follows:

> Supplemental Rule B attachment has the dual purpose of obtaining security for the satisfaction of a judgment as well as obtaining personal jurisdiction over a defendant. . . . "Under Supplemental Rule B, in personam jurisdiction over the defendant is obtained by compelling its appearance through attachment of its goods and chattels, or credits and effects." . . . By virtue of the Supplemental Rule B attachment of Mar Caribe's bank account, the Court has personal jurisdiction over Mar Caribe and may direct the parties to arbitrate. 9 U.S.C. § 8. Therefore, Mar Caribe's assertion this Court lacks jurisdiction over the parties is incorrect.

*Id.* at 1351 (citations omitted).

Moreover, the United States Supreme Court upheld arbitration in the forum designated by agreement despite claims of inconvenience in *Vimar Sequros v Reaseguros, S.A. v. M/V*

*Skyreefer*, 515 U.S. 528, 132 L. Ed. 2d 462, 115 S. Ct. 2322 (1995). In *Skyreefer*, a Japanese arbitration clause was enforced despite claims of inconvenience to the New York fruit distributor whose produce was damaged in a Panamanian vessel transporting from Morocco to Massachusetts. Still further, in *Breman v. Zapata Off-shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972), the Supreme Court upheld a forum selection clause despite claims of inconvenience. There the Supreme Court noted that advance concurrence on a forum acceptable to both parties "is an indispensable element in international trade, commerce and contracting." *Breman* at 13. *See also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991)(upholding Florida forum selection clause in a cruise ticket despite claims of inconvenience by residents of Washington).

Similarly, in the context of the use of a Rule B attachment to confer the court with jurisdiction to compel arbitration, the admiralty law is settled that:

> The very nature of Rule B assumes that the defendant cannot be found in the district. Forum non conveniens concerns do not automatically trump either an agreement to arbitrate or Rule B. Supplemental Rule B attachment is premised upon and exists only if it is inconvenient. If complaints of inconvenience could remove an action from this forum, then the Rule would be rendered hollow. In this international business relationship, the arbitration/forum selection clause is prima facie valid and should be enforced. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1291-92 (11th Cir. 1998). Upon careful consideration and after weighing the foregoing public and private concerns, the Court denies [defendant] Mar Caribes' request to dismiss this action on forum non conveniens grounds.

*Linea Naviera de Cabotaje, C.A*, 169 F.Supp. 2d at 1353. This was also the holding in the Rule B case of *Seatrans Shipping Corp. v. Interamericas Marine Transport, Ltd.*, 1997 U.S. Dist. LEXIS 5665 (S.D.N.Y 1997). In *Seatrans* the court granted plaintiff's motion to compel arbitration and held that:

> Plaintiff has shown that a maritime attachment was proper under Rule B. The facts that this action is arbitrable, so that it will not, apart from proceedings

4

relating to the Rule B attachment and entry of judgment on the award, be litigated in this district, and that the underlying dispute is not connected with this district, are not relevant. Rule B contains no venue limitation. It may be used for the sole purpose of obtaining security.

*Id.* at *2. Based on the foregoing law this Court has jurisdiction to grant Seamount's Petition.

As applied to the facts of this case, K&N's arguments that this Court lacks jurisdiction and that the case should be dismissed on the basis that New York is an inconvenient forum are unpersuasive. Also, the Court should not be distracted by K&N's irrelevant discussion of diversity jurisdiction and the citizenship of the parties. As above, Seamount's Petition to Compel Arbitration should be granted given the following undisputed facts: (1) Seamount has attached K&N's assets in the amount of $66,827.22 within the Southern District of New York pursuant to the Court's attachment Order, which attachment confers the Court with *quasi in rem* jurisdiction; (2) K&N and Seamount unquestionably agreed in their Booking Note contract to arbitrate "all disputes" under both the Booking Note and Bills of Lading in New York; (3) K&N, and not Seamount, was the party that first instituted suit in the United States, *i.e.*, in the United States District Court for the Southern District of Texas, which fact undermines K&N's inconvenient forum argument; (4) K&N clearly stipulated to the Texas court that it "agreed to resolve disputes in this action according to the maritime arbitration rules of the Society of Maritime Arbitrators Inc. in a pending New York Arbitration proceeding," on which basis the Texas court granted a stay; and (5) K&N, and not Seamount, was the party that commenced arbitration in New York and that nominated the presiding arbitrator, David Martowski, who was subsequently accepted by Seamount.

Additionally, K&N's objection that service of process was "improper" misses the mark and demonstrates a misunderstanding of Rule B, which does not require service to be effected

per Rule 4 of the Federal Rules of Civil Procedure. Instead, Rule B requires only that the plaintiff provide "notice" to the defendant by any form of mail requiring return receipt. Specifically, Rule B(2)(b) entitled "Notice to Defendant" provides that "no default judgment may be entered except upon proof" that "the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt." *Id.* Similarly, Rule B.2 of the Local Admiralty and Maritime Rules for the Southern and Eastern Districts of New York, which is entitled "Notice of Attachment," provides that "In an action where any property of a defendant is attached, the plaintiff shall give prompt notice to the defendant of the attachment. Such notice shall be in writing, and may be given by telex, telegram, cable, fax, or other verifiable electronic means." *Id.* In this case, Seamount provided written notice via Fed Ex to Kuehne-Nagle Servicos Logistics, which notice was sent by the Clerk of Court on August 2, 2006. Based on all of the foregoing, therefore, Seamount's Petition to Compel Arbitration should be granted.

**POINT II**

**SEAMOUNT'S CLAIMS ARISE UNDER THE BOOKING NOTE
AND IT'S BROAD ARBITRATION CLAUSE**

As discussed *supra*, all of Seamount's claims against K&N arise under the Booking Note and not under the Bill of Lading. Claims under a bill of lading would concern cargo claims such as claims for non-delivery, physical damage, and shortage. None of Seamount's claims against K&N are of such a character. Seamount's claims in arbitration concern matters such as unpaid freight earned by the vessel, racking system costs for the ocean carriage, and terminal handling charges. While the Booking Note clearly provides that all disputes under the Booking Note or Bills of Lading shall be arbitrated, K&N makes much of the fact that the Bill of Lading states that "any dispute arising under the Bill of Lading shall be decided in the country where the

6

carrier has its principal place of business..." K&N disputes Seamount's previous disclosure that Seamount's principal place of business is Houston, Texas, and argues instead that Seamount's principal place of business in Liberia. On the one hand K&N states explicitly that litigation should proceed in South America as the most convenient forum, and on the other implies that the Bill of Lading commands the parties to resolve their claims in Liberia. K&N's arguments are, however, without merit because while it is clear that Seamount's claims arise under the Booking Note only, even assuming *arguendo* that they arise under the Bill of Lading, the Court should still compel arbitration. This is because it is settled law that any doubts concerning arbitrability must be resolved in favor of arbitration.

Recently in *Cementos Andinos Dominicanos, S.A v. East Bulk Shipping S.A.*, 2006 U.S. Dist. LEXIS 14943 (S.D.N.Y. 2006), the court restated U.S. Supreme Court precedent that doubts as to arbitrability shall be resolved in favor of arbitrability. The court compelled the defendant to arbitrate in respect to a "sufficiently broad" arbitration clause that provided "any dispute" arising out of the charter was subject to New York arbitration where the underlying dispute concerned the ship owner's alleged breach of a warranty. *Id.* at *11. Likewise, the *Linea Naviera de Cabotaje, C.A.* case, discussed *supra*, also recited this familiar principal that such doubts must be resolved in favor of compelling arbitration. That court held as follows:

> Under the Federal Arbitration Act, 9 U.S.C. §§ 2 & 4, "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction" is "valid, irrevocable, and enforceable" and upon petition to any federal district court, "upon being satisfied that the making of the agreement for arbitration... is not in issue [the court]... shall make an order directing the parties to proceed to arbitration...." The Act demonstrates a "liberal federal policy favoring arbitration agreements." *Green Tree Fin. Corp.- Alabama v. Randolph*, 531 U.S. 79, 121 S. Ct. 513, 522, 148 L. Ed. 2d 373 (2000); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 114 L. Ed. 2d 26, 111 S. Ct. 1647 (1991).

7

*Id.* at 1345.

Similarly in *Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58 (2d Cir. 2005), the Second Circuit Court of Appeals held that doubts about arbitrability must be resolved in favor of arbitration.

> We have recognized that because of the "strong federal policy favoring arbitration . . . doubts as to whether a claim falls within the scope of [the] agreement should be resolved in favor of arbitrability." . . . We have also recognized that if an arbitration provision is broad, as it is here, a presumption of arbitrability attaches such that "arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it" . . . .

*Id.* at 69 (citations omitted).

As applied to the facts of this case, should the court find that Seamount's claims in the arbitration arise under the Bill of Lading instead of the Booking Note, and should the Court further find that a comparison of the Booking Note and the Bill of Lading creates a question about arbitrability, in such a case this Court should resolve the question in favor of arbitration.

## POINT III

### K&N'S ARGUMENT CONCERNING THE CONFIRMATION OF A FUTURE ARBITRATION AWARD IS FLAWED AND IRRELEVANT

K&N argues that this Court could not confirm an arbitration award in favor of Seamount and, thus, Seamount's Petition should be dismissed. K&N is plainly wrong. First, K&N fails to cite a single case where a court refused to compel arbitration on such a basis. Second, as there is no final arbitration award the issue of whether this Court should confirm the award is not ripe. Third, assuming *arguendo* that confirmation is a topic germane to Seamount's Petition to Compel, the Court would have jurisdiction to confirm an award in favor of Seamount, which award would fall under the New York Convention. Judge Casey explained the bases for such a

confirmation in *Deiulemar Compagnia Di Navigazione, S.p.A. v. Transocean Coal Co.*, 2004 U.S. Dist LEXIS 23948 (S.D.N.Y. 2004). In *Deiulemar*, the Court held as follows:

> the Court has subject matter jurisdiction if the award falls under the New York Convention. The New York Convention applies to awards "not considered domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. § 201; . . . The Court is presented here with an arbitration award rendered in the United States to resolve a dispute involving two nondomestic parties, one United States corporation, and a contract for the ocean carriage of cargo to be performed in part in international waters and foreign ports. The award was rendered in New York; involved an Italian company, a Swiss company, and an American company; and arose from a dispute involving contracts for vessels to carry shipments of coal between the United States and Bulgaria. Therefore, it is a nondomestic award to which the New York Convention applies, and the Court has subject matter jurisdiction under 9 U.S.C. § 203. . . . Section 9 of FAA Chapter One allows Deiulemar to petition this Court for an order confirming the arbitration award, which the Court must grant "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." See 9 U.S.C. § 9; see also *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003) ("Arbitration awards are not self-enforcing.").

*Id.* at *10. The reasons for confirmation as explained by Judge Casey are equally relevant here as Seamount's arbitration award against K&N will also be a nondomestic award that falls under the New York Convention. As such K&N's reliance on to *PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252 (8th Cir. 1998) and *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir. 1974) is inappropriate because *inter alia* neither case involved confirmation of awards that fell under the New York Convention.

## POINT IV

### SEAMOUNT SHOULD BE AWARDED ITS COSTS INCURRED IN PETITIONING THE COURT TO COMPEL ARBITRATION

Seamount is aggrieved by K&N's failure to arbitrate, which is to say Seamount has suffered prejudice from K&N's unilateral and unjustified decision to withdraw from the very arbitration it commenced on March 24, 2005. Recall that K&N initiated arbitration stating that "pursuant to Clause 38 of the Liner Booking Note of Seamount International Association Ltd.

dated December 10, 2003, we hereby commence arbitration on behalf of these clients against Seamount under the Rules of the Society of Maritime Arbitrators." *See Letter dated March 24, 2005 annexed to Peterson Affidavit as Exhibit "5."* Seamount has incurred legal expenses in preparing its Petition to Compel Arbitration, which petition should have been unnecessary, and continues to incur legal fees associated in replying to K&N's baseless objections. Given the undisputed fact that K&N has previously agreed to the very arbitration that it now opposes, *i.e.*, K&N not only initiated the arbitration but also entered into a Stipulation in the United States District Court for the Southern District of Texas wherein it agreed to arbitrate its claims with Seamount, this Court should award Seamount the costs associated with its Petition to Compel Arbitration.

## CONCLUSION

For all the foregoing reasons, and those contained in Seamount's initial Petition, K&N should be compelled to arbitrate.

Dated: New York, NY
September 8, 2006

> Respectfully submitted,
>
> The Petitioner,
> SEAMOUNT INTERNATIONAL ASSOCIATION LTD.
>
> By: _/s/ Patrick F. Lennon_
> Patrick F. Lennon (PL 2162)
> Nancy R. Peterson (NP 2871)
> Charles E. Murphy (CM 2125)
> TISDALE & LENNON, LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 (Phone)
> (212) 869-0067 (Fax)

10

## AFFIRMATION OF SERVICE

I hereby certify that on September 8, 2006, a copy of the foregoing -REPLY MEMORANDUM OF LAW was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                                                  _____
                                                                                  Patrick F. Lennon