```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAMOUNT INTERNATIONAL                :
ASSOCIATION LTD.,
                                      :    06 CV 5648 (LTS)
        Petitioner,
                                      :
    - against -
                                      :

KUEHNE & NAGEL LTDA.,                 :

        Respondent.                   :
------------------------------------------------------X
```

**PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS PETITION TO COMPEL ARBITRATION**

Pursuant to the Court's Order dated November 28, 2006, Seamount International Association Ltd. ("Seamount" or "Petitioner"), by and through its undersigned counsel Tisdale & Lennon LLC, submits this Supplemental Memorandum of Law in further Support of its Petition to Compel Arbitration against Respondent, Kuehne & Nagel Ltda. ("K&N" or "Respondent"), in accordance with Section 4 of the Federal Arbitration Act, 9 U.S.C. §4.

## SERVICE OF PROCESS WAS PROPER

Service on "Kuehne and Nagel Servicos Logisticos" satisfies Petitioner's obligations to provide notice of the action as "Kuehne and Nagel Servicos Logisticos" is merely a trade name or alias of the Respondent, Kuehne and Nagel Ltda. *See Letter from Respondent's former counsel, Ernest H. Gelman, referring to Respondent as KN Servicos de Logistica Ltda, a/k/a Kuehne and Nagel Ltda. annexed to the accompanying Declaration of Nancy R. Peterson (hereinafter "Peterson Decl.") as Exhibit "1."*

Respondent's current counsel further clarifies that "Kuehne & Nagel, Ltda. (Brazil) changed its named to Kuehne & Nagel Servicos Logisticos, Ltda. in 1999 although it apparently continued to use Kuehne & Nagel, Ltda. for some time after the name change." *See Letter from Respondent's current counsel, Judith A. Lockhart, annexed to Peterson Decl. as Exhibit "2."*

As "Kuehne & Nagel Ltda." is the same entity as "Kuehne and Nagel-Servicos Logisticos" service of the Petition and accompanying documents was proper.

## THE COURT HAS PERSONAL JURISDICTION OVER RESPONDENT BY VIRTUE OF THE FUNDS ATTACHED

The following amounts, moving in the name of "Kuehne and Nagel Ltda," have been restrained in New York by garnishee, Citibank N.A.:

| Date Attached | Amount Attached | Wire Remittance Details |
|---|---|---|
| 08/09/06 | EUR 18,266.43 Converted into (US $23,231.25) | Annexed to Peterson Decl. as Exhibit "3" |
| 08/17/06 | EUR 18,430.48 Converted into (US $23,742.14) | Annexed to Peterson Decl. as Exhibit "4" |
| 09/12/06 | US $6,000.00 | Annexed to Peterson Decl. as Exhibit "5" |
| 09/21/06 | EUR 2,184.95 Converted into (US $2,800.23) | Annexed to Peterson Decl. as Exhibit "6" |
| 10/26/06 | US $3,864.75 | Annexed to Peterson Decl. as Exhibit "7" |
| 10/26/06 | US $350.00 | Annexed to Peterson Decl. as Exhibit "8" |

As stated in Petitioner's Reply Memorandum in Support of the Petition to Compel Arbitration, the Court has valid quasi in rem personal jurisdiction over the Respondent by

virtue of the attachment of its funds in New York. By virtue of the attachment, Petitioner is currently secured on its claim in the amount of $59,988.37.

### THE COURT HAS PERSONAL JURIDICTION OVER RESPONDENT PURSUANT TO THE ARBITRATION CLAUSE CONTAINED IN THE BOOKING NOTE

As stated by the Second Circuit Court of Appeals:

> "When a party agrees to arbitrate in [a state] where the [ Federal Arbitration Act] makes such agreements specifically enforceable, [that party] must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in [that state]. To hold otherwise would be to render the arbitration clause a nullity."

*See Doctor's Associates, Inc. v. Donald A. Stuart and Martin Schearze*, 85 F.3d 975 (2d Cir. 1996).

Here, Petitioner and Respondent agreed to arbitrate in New York, where the Federal Arbitration Act makes such agreements specifically enforceable. *See Victory Transport, Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964) *superseded by statute on other grounds Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 615 (U.S. 1992). Rider Clause 38 of the Booking Note expressly provides that:

> **ARBITRATION**: Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with rules for arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

*See Peterson Affidavit accompanying Petition to Compel, dated July 28, 2006, Exhibit 1, p.2 ¶38.*

The Verified Petition also notes that "This case also falls within the Court's jurisdiction pursuant to the Arbitration Act, 9 U.S.C. §1 et seq." *See Verified Petition to Compel Arbitration ¶3.*

As the parties agreed that disputes should arbitrated in New York, Respondent cannot now legitimately claim lack of personal jurisdiction in an action to compel arbitration. As stated above, if this were so, the arbitration clause would be rendered a nullity. Furthermore, Respondent does not even allege that the arbitration clause was invalid by reasons of fraud, waiver, etc. It is noteworthy, and Petitioner asserts an admission that Respondent itself initiated/demanded arbitration of the parties disputes and appointed the very sole arbitrator whose jurisdiction it now attacks! *See Letter annexed to Peterson Affidavit accompanying Petition to Compel, dated July 28, 2006, as Exhibit "5."* Thus, Respondent's arguments regarding the personal jurisdiction of this Court should be disregarded

As the applicable arbitration clause provides that that arbitration is to be held New York and Respondent has failed to allege or establish any of the defenses that would render the arbitration clause invalid, Seamount's Petition to Compel Arbitration should be granted.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that this Court grant Seamount's Petition to Compel Arbitration on its claims in all respects and grant such other and further relief as the Court deems necessary and appropriate.

Dated: December 8, 2006
      New York, NY

                              The Petitioner,
                              SEAMOUNT INTERNATIONAL
                              ASSOCIATON LTD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
plennon@tisdale-lennon.com
npeterson@tisdale-lennon.com

## AFFIRMATION OF SERVICE

I hereby certify that on December 8, 2006, a copy of the foregoing Supplemental Reply Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by return receipt mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Nancy R. Peterson