Judith A. Lockhart (JL 2687)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Respondent*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SEAMOUNT INTERNATIONAL      :     06 CV 5648 (LTS)
ASSOCIATION LTD.,                  :

                    :

                Petitioner,     :

                    :

        - against -      :

                    :

KUEHNE & NAGEL LTDA.,        :

                    :

           Respondent.    :

------------------------------------------------------------- x


## RESPONDENT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO SEAMOUNT'S PETITION TO COMPEL ARBITRATION

Pursuant to the Court's Order dated November 29, 2006, Respondent Kuehne &

Nagel Ltda., now known as Kuehne & Nagel Servicos Logisticos Ltda. ("KN Servicos

Logisticos"), submits this supplemental memorandum of law in further opposition to Seamount's

petition to compel arbitration and the accompanying declarations of Radoslav Mihok dated

December 14, 2006 ("Mihok Decl.") and Judith A. Lockhart dated December 14, 2006

("Lockhart Decl.").[1]  In the instant case, neither the attachment of funds nor the arbitration

---

[1] Kuehne + Nagel Ltda. (Brazil), the entity named by Seamount as Respondent in this
matter, was incorporated into a company named Kuehne + Nagel Servicos Logisticos Ltda. ("KN
Servicos Logisticos") in November 2003.  Kuehne + Nagel Ltda. (Brazil) no longer exists and
has not operated for several years.  Thus, while prior counsel was correct that the companies

6137112.1

language in the Booking Note Rider is sufficient to confer jurisdiction over the Respondent under the circumstances of this case. Accordingly, the petition to compel arbitration in New York should be denied.

## THE ATTACHED FUNDS CANNOT BE USED AS A BASIS FOR JURISDICTION

Petitioner claims that this Court has valid quasi-in-rem jurisdiction over Respondent by virtue of the Citibank N.A. attachments set forth in the Declaration of Nancy R. Peterson, dated December 8, 2006, ¶¶ 5-14 (hereinafter "Peterson Decl."). That simply is not the case as the attachments relied upon for jurisdiction are not, in any way shape or form, related to the Respondent KN Servicos Logisticos or to the now defunct Kuehne + Nagel Ltda. (Brazil). See Declaration of Radoslav Mihok, dated December 14, 2006 ¶¶ 5-12 (hereinafter "Mihok Decl.").

As previously noted, Kuehne + Nagel Ltda. (Brazil), the entity named by Seamount as Respondent in this matter, no longer exists and has not operated for several years. Mihok Decl. ¶ 2. However, there are two other companies in South America which use the name Kuehne + Nagel Ltda. -- one in Chile and one in Bolivia. These companies are incorporated in their respective countries and are not, and have never been, a part of Kuehne + Nagel Ltda. (Brazil) or KN Servicos Logisticos. Neither of these entities was in any way involved with Seamount or the current dispute. Mihok Decl. ¶ 3. Nonetheless, electronic funds destined for the Chilean company, from clients of the Chilean company, having nothing to do with the

---

were separate entities, KN Servicos Logisticos was involved in the transaction at issue here. As explained herein, Petitioner's continued use of Kuehne + Nagel Ltda. long after the company ceased to do business led to the service confusion because there are other companies, completely unrelated to this dispute, in other South American countries, which use the name Kuehne + Nagel Ltda. See Declaration of Radoslav Mihok, dated December 14, 2006 ¶¶ 2-3 (hereinafter "Mihok Decl.").

6137112.1

Brazilian company or Seamount, have been erroneously attached by Citibank N.A. pursuant to this Court's order of attachment in this action. Mihok Decl. ¶¶ 5-12.

As soon as it was discovered, Petitioner's counsel was advised that the electronic fund transfers attached had no relation to the Respondent or this claim and that the funds were improperly attached. Declaration of Judith A. Lockhart ¶ 3, Ex. A, dated December 14, 2006, (hereinafter "Lockhart Decl."). Counsel was asked to release the funds but refused to do so. Id. Petitioner's counsel has also informed us that HSBC attached funds but has provided no documentation. Lockhart Decl. ¶ 4, Ex. B. Respondent has also advised on the attachment of certain funds belonging to the Bolivian company but to date we have not been provided notice or such an attachment by Petitioner. Mihok Decl. ¶ 12.

Under the circumstances, where the validity of the attachments is in question, it is inappropriate for Petitioner to rely on the attachments as the basis for jurisdiction. As Respondent has been unable to convince the Petitioner to voluntarily release the funds, Respondent hereby respectfully requests a hearing on the validity of the attachments.

## NO CLEAR AGREEMENT TO ARBITRATE IN NEW YORK IS CONTAINED IN CONTRACT DOCUMENTS

Although Seamount initially represented to the Court that it was a company organized under the laws of the state of Texas, it has become apparent that it is not. According to its own website, Petitioner is a Liberian company. Declaration of Ernest Gelman dated August 31, 2006 ¶¶ 2-5. (hereinafter "Gelman Decl."). Petitioner has not disputed this fact since it was raised. Respondent is a Brazilian company. Mihok Decl. ¶ 4. As both parties are foreign entities with no contacts with the jurisdiction, diversity jurisdiction is not available. See Joseph Muller Corp. v. Societe Anonyme de Gararce et d'Armement, 451 F.2d. 727, 729 (2d Cir. 1971),

61371112.1

cert. denied, 406 U.S. 906, 92 S. Ct. 1609 (1972). Furthermore, as set forth above, Petitioner's

assertion of jurisdiction based on the Court's quasi-in-rem jurisdiction is also unavailing. Thus,

jurisdiction in this matter depends upon whether or not there is an actual, clearly-stated

agreement to arbitrate in New York the current dispute between Petitioner and Respondent.

Doctor's Associates, Inc. v. Stuart, 85 F.3d 975 (2d. Cir. 1996). Under New York law, the

intention of each party to be bound by an arbitration agreement must be affirmatively

established. See Marlene Industries Corp. v. Soler Chrysler-Plymouth Inc., 408 N.Y.S. 410, 414

(Ct. App. 1978). Indeed, a party should not be required to waive substantive and procedural

rights, as arbitration agreements require, on the basis of anything less than a clear indication of

intent. Id. at 413. No clear intent can be found in the agreements.

Petitioner focuses solely on the language contained in the "Booking Note Rider."

The Booking Note Rider states:

> 38. ARBITRATION: Any dispute arising under this booking note and bills of
> lading shall be referred to arbitration in New York in accordance with rules for
> arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

Lockhart Decl. ¶ 6, Ex. D, p. 4. Contravening the above language, however, is the following

language from the Full Terms of the Carrier's Bill of Lading Form:

> 3. Jurisdiction. Any dispute arising under this Bill of Lading shall be decided in
> the country where the carrier has its principal place of business, and the law of
> such country shall apply except as provided elsewhere herein.

Id., p. 2. Where the agreement's terms conflict, the parties agreed that the Bill of Lading terms

would control. As stated in the Booking Note,:

> It is hereby agreed that this Contract shall be performed subject to the terms
> contained on Pages 1 and 2 hereof which shall prevail over any previous
> arrangements and which shall in turn be superseded (except as to dead freight and
> demurrage) by the terms of the Bill of Lading, the terms of which (in full or
> extract) are found on the reverse side hereof.

4

61371121

Id.,, p. 1. (emphasis added). Paragraph 32 of the Booking Note Rider also confirms that it is subject to all terms and conditions of carrier's Bill of Lading. Id., p. 4. The agreement actually requires that the dispute be resolved in the country where the company has its principal place of business -- in this case Liberia.

Thus, contrary to Petitioner's argument, it is not clear at all that Respondent agreed to arbitrate the present dispute with Seamount in New York.[2] While the Doctor's Associates case does hold that an agreement to arbitrate in a particular jurisdiction confers jurisdiction on courts within the jurisdiction to compel arbitration, the agreement to arbitrate in that case was very clear. That is not the situation here. The Court should not compel a party to arbitrate when it is not clear that they agreed to do so.

Petitioner's also claim that Respondent has done nothing but delay resolution of this claim. That is simply not the case. Petitioner first brought its complaints against Respondent to the Danish Defence Club, a maritime organization that resolves these types of disputes. Lock. Decl. ¶ 7, Ex. E. Respondent provided a very detailed and complete response to Petitioner's claim. Lock. Decl. ¶ 8, Ex. F. Respondent sought an extension of the statute of limitations on the claim for indemnification for potential cargo damage and Petitioner refused to even respond to its request. Id. That refusal resulted in the need to file the cargo damage claim in New York and Texas courts (as the Petitioner had represented itself as a Texas company). Petitioner's claim with the Danish Defence Club sought to bring it as a counterclaim to the cargo damage indemnification claim and then dropped its claim.

---

[2] Even if the agreement is found to be ambiguous, it was prepared by Seamount and should be construed against it and Respondent should not be compelled to arbitrate. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S. Ct. 1212, 18-19 (1995).

6137112.1

Finally, should the Court determine that arbitration in New York of Seamount's claims is mandated, Respondent would request that the Court order the arbitration to commence with the selection of new arbitrators. The prior arbitration was controlled by the insurance carrier as it involved a cargo damage claim. The arbitrator from the prior dispute was selected by the carrier, and not by Respondent, for his knowledge of cargo damage claims. Respondent should be permitted to provide its own defense if it is required to arbitrate. As Respondent objected to the arbitration of the contract claims at issue early in the proceeding, such a decision by the Court would not prejudice the parties or delay an arbitration.

## CONCLUSION

For the reasons stated herein and in Respondent's prior submissions to the Court, Respondent respectfully requests that the Court deny the petition to compel arbitration.

CARTER LEDYARD & MILBURN LLP

By: _____
Judith A. Lockhart ((JL 2687)
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Respondent*

6