UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SEAMOUNT INTERNATIONAL                    :
ASSOCIATION LTD.
                                          :
          Petitioner,                              06 CV 5648 (LTS)
                                          :
      - against -                                  ECF CASE
                                          :


                                          :
KUEHNE & NAGEL LTDA.,
                                          :
          Respondent.
----------------------------------------------------------X

**DECLARATION OF NANCY R. PETERSON
IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED PETITION**

　　　　Pursuant to 28 United States Codes section 1746, Nancy R. Peterson declares as follows:

　　　　1.　　I am an attorney admitted to practice law before this Honorable Court.

　　　　2.　　I am counsel for the Petitioner herein, Seamount International Association Ltd. (hereinafter "Petitioner" or "Seamount"), and I submit this declaration in support of Petitioner's motion, pursuant to Federal Rule of Civil Procedure 15, for leave to file an amended Petition.

　　　　3.　　The proposed amended Petition and accompanying Affidavit are attached hereto as Exhibits "A" and "B."

　　　　4.　　Petitioner filed its original Petition on July 27, 2006, alleging that Respondent Kuehne and Nagel Ltda. (hereinafter "Respondent") breached a Booking Note entered into between the parties on December 10, 2003.

　　　　5.　　On July 28, 2006, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Petitioner to attach Respondent's property

up to the sum of $303,480.63, located within this judicial district and belonging to the Respondent.

6. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to Respondent. These were served upon the banks, including but not limited to ABN-AMRO and Citibank.

7. Subsequent to the filing, Respondent's counsel admitted that Respondent Kuehne & Nagel Ltda. is "now known as Kuehne & Nagel Servicos Logisticos Ltda." *See Respondent's Supplemental Memorandum of Law, 1.* Furthermore, Respondent's counsel stated that "KN Servicos Logisticos was involved in the transaction at issue here." *See Respondent's Supplemental Memorandum of Law, fn. 1.*

8. In light of the foregoing, it is evident that "Kuehne & Nagel Ltda. (Brazil)" and "Kuehne & Nagel Servicos Logisticos Ltda," are one and the same, thus justifying the amendment of the complaint.

9. Respondent is referred to as Kuehne and Nagel Ltda, Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos Ltda. alternatively. *See Exhibits "1" and "2" annexed to the Affidavit of Nancy R. Peterson dated December 8, 2006 and Exhibit "C" annexed hereto.*

10. The original Verified Petition does not include the specific words "Kuehne & Nagel Servicos Logisticos Ltda."

11. Thus, if Petitioner is granted its motion for leave to file an amended Petition, Petitioner would supplement the Verified Petition to include Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos

Ltda. as aliases of Kuehne and Nagel Ltda. (Brazil) in order to obtain security for its claims against Respondent as provided for by Rule B.

12. Respondent will not be prejudiced by Petitioner's amended verified complaint because Respondent had due notice of the attachment after the initial Petition was filed and Notice was sent to its address in Brazil.

13. Respondent was made aware of the attachment by the August of 2006, and it is therefore on notice that Petitioner may attach any and all funds in which it has a property interest.

14. As shown by Respondent's many letters to the Court, Respondent remains duly apprised of the status of the attachment. By the amended Petition, Petitioner is merely expanding the circumference of the attachment to include Respondent's current name/aliases. Whether Respondent is using a trade name when routing its funds or not, it has breached a maritime contract, and by information and belief cannot be found or served with process in New York. Therefore, Petitioner is still entitled to use the remedy of ex-parte attachment and garnishment pursuant to Supplemental Rule B against Respondent, naming any of its names/aliases/alter egos in the Petition.

15. For the foregoing reasons, and for the reasons set forth in Petitioner's accompanying Memorandum of Law, Petitioner's motion for leave to file an amended Petition should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 28, 2006.

_____
Nancy R. Peterson

## CERTIFICATION OF SERVICE

Nancy R. Peterson, an attorney duly admitted to practice before this Honorable Court, affirms as follows: The foregoing DECLARATION OF NANCY R. PETERSON IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PETITION will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Nancy R. Peterson