# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SEAMOUNT INTERNATIONAL        :
ASSOCIATION LTD.,
                              :   06 Civ. 5648 (LTS)
        Petitioner,
                              :   ECF CASE
    - against -
                              :

                              :

KUEHNE & NAGEL LTDA., a/k/a, KUEHNE
AND NAGEL SERVICOS LOGISTICOS :
LTDA., KN SERVICOS DE LOGISTICA
LTDA., AND KUEHNE & NAGEL     :
SERVICIO LOGISTICOS LTDA.,
                              :
        Respondent.
----------------------------------------------------------X

## AMENDED VERIFIED PETITION TO
## COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4

Petitioner, Seamount International ("Seamount" or "Petitioner") by its attorneys, Tisdale & Lennon, LLC, states as follows:

1. At all material times, Petitioner was, and is, a business entity organized under the laws of Texas with an office and principal place of business in Houston.

2. At all material times, Respondent, Kuene & Nagel Ltda., a/k/a Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos Ltda. (hereinafter "K&N" or "Respondent") was, and is, a company organized and existing under foreign law.

3. This is an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure in that it involves a breach of a maritime contract. This case also falls within the Court's jurisdiction pursuant to the Arbitration Act, 9 U.S.C. §1 et seq.

4.     The underlying dispute in this matter involves an allegation of cargo damage by K&N. In addition, the underlying dispute concerns Seamount's allegations that K&N has failed to pay amounts due and owing under the Booking Note Contract dated December 10, 2003.

5.     On December 10, 2003, Seamount fixed the M/V Global Traveller (hereinafter the "Vessel") with K&N via a Conline Booking Note. *See Booking Note annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "1."* At all material times Seamount was the Owner of the Vessel, Scan Trans was its agent, K&N was the charterer of the Vessel, Ambev was the cargo owner, and Narval was the broker. *See Bill of Lading annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "2."*

6.     In accordance with the Booking Note, the Vessel was to load a second-hand knocked down brewery in Santos, Brazil for discharge in Callao, Peru. *See Box 9 of the Booking Note at Exhibit "1" annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006.*

7.     Rider Clause 38 of the Booking Note provides for arbitration in New York. The arbitration clause states:

> **ARBITRATION**: Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with rules for arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

8.     During the course of the voyage, certain disputes arose between Seamount and K & N regarding alleged breaches of the Booking Note. Seamount provided K&N with a detailed list of its claims. *See Letter dated January 24, 2005 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "3."*

9.     Seamount has made claims against K&N for: (1) outstanding freight as provided for in Clauses 19, 29 and 30 of the Booking Note; (2) failure to pay the costs incurred in building

and planning a racking system for additional cargo in breach of Clauses 9, 10, 26 and 35 of the Booking Note; (3) failure to pay terminal handling charges due under Clause 31 of the Booking Note; (4) failure to pay Standby Charges incurred at Load and Discharge ports due and owing under Clauses 11, 24, 25 and 31 of the Booking Note; (5) failure to pay interest accrued on the initial freight payment in breach of Clause 30 of the Booking Note; and (6) interest from the date of the breach and legal expenses incurred in the arbitration proceedings as provided for under Clause 38 of the Booking Note.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings. As best as can now be estimated, Seamount expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claims: | $187,899.48 |
| B. | Interest on claims at 6%, compounded quarterly over 4 years | $50,581.15 |
| C. | Arbitration Costs | $25,000.00 |
| D. | Attorneys' fees | $40,000.00 |
| **Total:** | | **$303,480.63** |

11. Despite due demand, K&N failed to pay Seamount the amounts due and owing under the Booking Note. Thus, Seamount informed K& N that unless a commercial solution was found, "that arbitration proceedings would be initiated under Booking Note, Rider Clause 38, which clearly describes that any dispute arising under the Booking Note shall be referred to arbitration in New York in accordance with the rules for arbitration proceedings of the Society of Maritime and Arbitrators Inc. in New York.." *See Exhibit "3," p.2., annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006.*

12. K&N then sent Seamount a letter claiming that damage had been caused to the cargo carried aboard the Vessel during loading and ocean voyage. *See Letter from K&N dated March 14, 2005 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "4."*

13. On March 24, 2005, K&N demanded arbitration stating that "pursuant to Clause 38 of the Liner Booking Note of Seamount International Association Ltd. dated December 10, 2003, we hereby commence arbitration on behalf of these clients against Seamount under the Rules of the Society of Maritime Arbitrators." *See Letter from Earnest Gelman dated March 24, 2006 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "5."*

14. K&N offered the three following individuals to act as a sole arbitrator; Harold J. Halpin, David W. Martowski, and Lloyd C. Nelson. *See id.*

15. This act effectively precluded Seamount from initiating arbitration as it had already begun.

16. On January 10, 2006, Seamount, through its counsel Tisdale & Lennon, LLC, replied to K&N's demand for arbitration. Seamount advised that it would be counterclaiming against K&N for unpaid freight, costs and other damages arising from K&N's breach of the Booking Note. *See Letter from Patrick F. Lennon annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "6."*

17. In addition, Seamount advised K&N that it would accept David W. Martowski as a sole arbitrator. *See id.*

18. Seamount, through its counsel Tisdale & Lennon, LLC, sent a letter to Mr. Martowski requesting his advice as to whether he was available and willing to accept

appointment as a sole arbitrator. *See Letter from Patrick F. Lennon annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "7."*

19. Mr. Martowski accepted the parties' appointment as sole arbitrator. *See E-mail from Mr. Martowski annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "8."*

20. A schedule to submit the initial arbitration submissions was then set forth. The arbitration submissions were to be completed by May 12, 2006.

21. Seamount's submission was duly prepared. However, on April 4, 2006, K&N notified Seamount and Mr. Martowski that, contrary to its earlier arbitration request, it would not assert any affirmative cargo claims. *See E-mail dated April 4, 2006 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "9."* At this late date, K&N further stated that it wished to discontinue the arbitration proceedings.

22. Seamount submitted its initial arbitration submission on May 12, 2006.

23. K&N has subsequently stated that it refuses to arbitrate in New York and that any action by Seamount must be brought in the country in which Seamount has its principal place of business. *See Letter from Mr. Ernest Gelman annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "10."*

24. Seamount has suffered, and will continue to suffer, considerable prejudice if K&N is not compelled to arbitrate its claims in New York.

25. Seamount has incurred legal expenses in preparing its claims for arbitration and K&N is now claiming that Seamount's claims are time-barred.

26. Seamount's claims arise under the Booking Note, and thus the only proper forum for their adjudication is arbitration in New York.

27. Now, after Seamount has expended significant cost and effort to prepare initial points of claim for K&N's attorney and an initial arbitration submission for Mr. Martowski, K&N has withdrawn from the arbitration claiming that suit must be brought in Seamount's principal place of business.

28. K&N's refusal to arbitrate the dispute between the parties in is in derogation of the Booking Note's provision providing for arbitration in New York.

29. The Respondent K&N cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Respondent has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank and/or Wachovia Bank which are believed to be due and owing to the Respondent.

30. Seamount seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of K&N held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over K&N, and to secure the Seamount's claim as described above.

**WHEREFORE**, Petitioner, Seamount, prays:

A. That process in due form of law according to the practice of this Court may

issue against the Respondent, K&N, citing it to appear and answer the foregoing, failing which a default will be taken against K&N for the principal amount of Seamount's claims against K & N, plus interest and reasonable attorneys and arbitration costs;

    B.    That this Court issue an Order compelling K&N to proceed to arbitrate Seamount's claims in New York in accordance with the relief requested in this Petition within the arbitration initiated by K&N on March 24, 2005, and that Mr. David Martowski, an arbitrator of the Society of Maritime Arbitrators here in New York, continue to act as the arbitrator therein as originally agreed between the parties;

    C.    That since the Respondent cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which are due and owing to the Respondent, in the amount of **$303,480.63** to secure the Seamount's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Petition;

    D.    That this Court issue an award of costs and attorneys fees against K&N and in favor of Seamount, incurred in bringing/maintaining the instant action;

    E.    That the Court recognize and confirm the arbitration award rendered on

Seamount's claims as a judgment of this Court;

  F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  G. That Petitioner, Seamount, have such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated: New York, NY
    December 28, 2006

          The Petitioner,
         SEAMOUNT INTERNATIONAL
         ASSOCIATON LTD.

       By:_____
         Patrick F. Lennon (PL 2162)
         Nancy R. Peterson (NP 2871)
         TISDALE & LENNON, LLC
         11 West 42nd Street, Suite 900
         New York, NY 10036
         (212) 354-0025
         (212) 869-0067 – fax
         plennon@tisdale-lennon.com
         npeterson@tisdale-lennon.com

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )  ss: SOUTHPORT
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Petitioner, SEAMOUNT INTERNATIONAL ASSOCIATION LTD. in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Amended Verified Petition and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Petitioner is that the Petitioner is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Petitioner and its counsel, all of which I believe to be true and accurate.

Dated: December 28, 2006
       Southport, Connecticut

                                        _____
                                        Nancy R. Peterson

## CERTIFICATION OF SERVICE

Nancy R. Peterson, an attorney duly admitted to practice before this Honorable Court, affirms as follows: The foregoing AMENDED VERIFIED PETITION will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Nancy R. Peterson