# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAMOUNT INTERNATIONAL            :
ASSOCIATION LTD.,
                                  :   06 Civ. 5648 (LTS)
        Petitioner,
                                  :   ECF CASE
    - against -
                                  :
KUEHNE & NAGEL LTDA., a/k/a, KUEHNE
AND NAGEL SERVICOS LOGISTICOS     :
LTDA., KN SERVICOS DE LOGISTICA
LTDA., AND KUEHNE & NAGEL         :
SERVICIO LOGISTICOS LTDA.,
                                  :
        Respondent.
------------------------------------------------------------X

## AFFIDAVIT OF NANCY R. PETERSON

State of Connecticut    )
                        ) ss.:
County of Fairfield     )

NANCY R. PETERSON, having been duly sworn, deposes and states the following under oath:

1. I am a member in good standing of the Bar of this Court and am an attorney in the law firm of Tisdale & Lennon, LLC, which represents the interests of the Petitioner, Seamount International Association Ltd. (hereinafter "Seamount" or "Petitioner"), herein.

2. I am familiar with the facts of the case, and I submit this Affidavit in Support of: (A) Seamount's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; and (B) Seamount's Petition to Compel Arbitration with Respondent, Kuehne & Nagel Ltda.,

a/k/a Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos Ltda. (hereinafter "K&N" or "Respondent").

3. At all material times, Petitioner was, and is, a business entity organized under the laws of Texas with an office and principal place of business in Houston.

4. At all material times, Respondent, K&N was, and is, a company organized and existing under foreign law.

5. This is an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure in that it involves a breach of a maritime contract. This case also falls within the Court's jurisdiction pursuant to the Arbitration Act, 9 U.S.C. §1 et seq.

6. The underlying dispute in this matter involves an allegation of cargo damage by K&N. In addition, the underlying dispute concerns Seamount's allegations that K&N has failed to pay amounts due and owing under the Booking Note Contract dated December 10, 2003.

## A. IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

7. I have attempted to locate K&N within this District. As part of my investigation to locate the K&N within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and, finally, I checked the New York State Department of Corporations information database which revealed no listings for the K&N.

8. I submit that K&N cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

9. Upon information and belief, the K&N has, or will have during the

pendency of this action, property, goods, chattels or credits and effects within the District in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank.

### B. IN SUPPORT OF SEAMOUNT'S PETITION TO COMPEL ARBITRATION

10.    On December 10, 2003, Seamount fixed the M/V Global Traveller (hereinafter the "Vessel") with K&N via a Conline Booking Note. *See Booking Note annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "1."* At all material times Seamount was the Owner of the Vessel, Scan Trans was its agent, K&N was the charterer of the Vessel, Ambev was the cargo owner, and Narval was the broker. *See Bill of Lading annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "2."*

11.    In accordance with the Booking Note, the Vessel was to load a second-hand knocked down brewery in Santos, Brazil for discharge in Callao, Peru. *See Box 9 of the Booking Note annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "1".*

12.    Rider Clause 38 of the Booking Note provides for arbitration in New York. The arbitration clause states:

> **ARBITRATION**: Any dispute arising under this booking note and bills of lading shall be referred to arbitration in New York in accordance with rules for arbitration procedures of the Society of Maritime Arbitrators Inc. in New York.

13.    During the course of the voyage, certain disputes arose between Seamount and K & N regarding alleged breaches of the Booking Note. Seamount provided K&N with a detailed list of its claims. *See Letter dated January 24, 2005 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "3."*

14. Seamount has made claims against K&N for: (1) outstanding freight as provided for in Clauses 19, 29 and 30 of the Booking Note; (2) failure to pay the costs incurred in building and planning a racking system for additional cargo in breach of Clauses 9, 10, 26 and 35 of the Booking Note; (3) failure to pay terminal handling charges due under Clause 31 of the Booking Note; (4) failure to pay Standby Charges incurred at Load and Discharge ports due and owing under Clauses 11, 24, 25 and 31 of the Booking Note; (5) failure to pay interest accrued on the initial freight payment in breach of Clause 30 of the Booking Note; and (6) interest from the date of the breach and legal expenses incurred in the arbitration proceedings as provided for under Clause 38 of the Booking Note.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings. As best as can now be estimated, Seamount expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claims: | $187,899.48 |
| B. | Interest on claims at 6%, compounded quarterly over 4 years | $50,581.15 |
| C. | Arbitration Costs | $25,000.00 |
| D. | Attorneys' fees | $40,000.00 |
| **Total:** | | **$303,480.63** |

16. Despite due demand, K&N failed to pay Seamount the amounts due and owing under the Booking Note. Thus, Seamount informed K&N that unless a commercial solution was found, "that arbitration proceedings would be initiated under Booking Note, Rider Clause 38, which clearly describes that any dispute arising under the Booking Note shall be referred to arbitration in New York in accordance with the rules for arbitration proceedings of the Society of

Maritime and Arbitrators Inc. in New York." *See Affidavit of Nancy R. Peterson dated July 28, 2006, Exhibit "3," p.2.*

17. K&N then sent Seamount a letter claiming that damage had been caused to the cargo carried aboard the Vessel during loading and ocean voyage. *See Letter from K&N dated March 14, 2005 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "4."*

18. On March 24, 2005, K&N demanded arbitration stating that "pursuant to Clause 38 of the Liner Booking Note of Seamount International Association Ltd. dated December 10, 2003, we hereby commence arbitration on behalf of these clients against Seamount under the Rules of the Society of Maritime Arbitrators." *See Letter from Earnest Gelman dated March 24, 2006 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "5."*

19. K&N offered the three following individuals to act as a sole arbitrator; Harold J. Halpin, David W. Martowski, and Lloyd C. Nelson. *See id.*

20. This act effectively precluded Seamount from initiating arbitration as it had already begun.

21. On January 10, 2006, we replied to K&N's demand for arbitration. We advised that Seamount would be counterclaiming against K&N for unpaid freight, costs and other damages arising from K&N's breach of the Booking Note. *See Letter from Patrick F. Lennon annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "6."*

22. In addition, we advised K&N that Seamount would accept David W. Martowski as a sole arbitrator. *See id.*

23. We then sent a letter to Mr. Martowski requesting his advice as to whether he was available and willing to accept appointment as a sole arbitrator. *See Letter from Patrick F. Lennon annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "7."*

24. Mr. Martowski accepted the parties' appointment as sole arbitrator. *See E-mail from Mr. Martowski annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "8."*

25. A schedule to submit the initial arbitration submissions was then set forth. The arbitration submissions were to be completed by May 12, 2006.

26. Seamount's submission was duly prepared. However, on April 4, 2006, K&N notified Seamount and Mr. Martowski that, contrary to its earlier arbitration request, it would not assert any affirmative cargo claims. *See E-mail dated April 4, 2006 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "9."* At this late date, K&N further stated that it wished to discontinue the arbitration proceedings.

27. Seamount submitted its initial arbitration submission on May 12, 2006.

28. K&N has subsequently stated that it refuses to arbitrate in New York and that any action by Seamount must be brought in the country in which Seamount has its principal place of business. *See Letter from Mr. Ernest Gelman dated June 19, 2006 annexed to the Affidavit of Nancy R. Peterson dated July 28, 2006 as Exhibit "10."*

29. Seamount has suffered, and will continue to suffer, considerable prejudice if K&N is not compelled to arbitrate its claims in New York.

30. Seamount has incurred legal expenses in preparing its claims for arbitration and K&N is now claiming that Seamount's claims are time-barred.

31. Seamount's claims arise under the Booking Note, and thus the only proper forum for their adjudication is arbitration in New York.

32. Now, after Seamount has expended significant cost and effort to prepare initial points of claim for K&N's attorney and an initial arbitration submission for Mr. Martowski, K&N has withdrawn from the arbitration claiming that suit must be brought in Seamount's principal place of business.

33. K&N's refusal to arbitrate the dispute between the parties in is in derogation of the Booking Note's provision providing for arbitration in New York.

34. An Amended Verified Petition to Compel Arbitration pursuant to 9 U.S.C. § 4 was filed by Seamount with this Affidavit.

35. Petitioners respectfully submit that K&N should be compelled to arbitrate in accordance with Section 4 of the Federal Arbitration Act. A Copy of the Proposed Order to this effect is annexed hereto.

_____
Nancy R. Peterson (NP 2871)

Sworn to before me this
___ day of December, 2006

_____
Notary Public

## **CERTIFICATION OF SERVICE**

Nancy R. Peterson, an attorney duly admitted to practice before this Honorable Court, affirms as follows: The foregoing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Nancy R. Peterson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAMOUNT INTERNATIONAL            :
ASSOCIATION LTD.,
                                                              :   06 Civ. 5648 (LTS)
      Petitioner,
                                                              :   ECF CASE
  - against -
                                                              :
KUEHNE & NAGEL LTDA., a/k/a, KUEHNE
AND NAGEL SERVICOS LOGISTICOS   :
LTDA., KN SERVICOS DE LOGISTICA
LTDA., AND KUEHNE & NAGEL             :
SERVICIO LOGISTICOS LTDA.,
                                                              :
      Respondent.
------------------------------------------------------------X

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on December __, 2006 Petitioner, Seamount International Association Ltd., filed an Amended Verified Petition herein for damages amounting to **$303,480.63** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Respondent's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Amended Verified Petition and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Respondent by

any garnishees within this District, including but not limited to, ABN AMRO, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank, in an amount up to and including **$303,480.63**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Petitioner shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment

Dated: December \_\_\_\_, 2006

**SO ORDERED:**

_____
**U. S. D. J.**
