```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SEAMOUNT INTERNATIONAL              :
ASSOCIATION LTD.
                                    :
          Petitioner,                        06 CV 5648 (LTS)
                                    :
     - against -                             ECF CASE
                                    :

                                    :

KUEHNE & NAGEL LTDA.,               :

          Respondent.               :
-----------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PETITION

Petitioner, Seamount International Association Ltd., (hereinafter "Petitioner' or "Seamount"), by its attorneys, Tisdale & Lennon, LLC, submits this Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 15 for leave to file an amended Verified Petition in this action. For the reasons set forth in the accompanying Declaration of Nancy R. Peterson (hereinafter "Peterson Declaration") and herein, the motion should be granted.

## FACTS

Petitioner filed its original Petition to Compel Arbitration with a prayer for Rule B Attachment on July 27, 2006, alleging that Respondent Kuehne and Nagel Ltda. (hereinafter "Respondent") breached a Booking Note entered into between the parties on December 10, 2003. *See Peterson Declaration, ¶ 4.*

On July 28, 2006, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Petitioner to attach Respondent's property up to the sum of $303,480.63, located within this judicial district and belonging to the Respondent. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to Respondent. These were served upon the banks, including but not limited to ABN-AMRO and Citibank. The Respondent filed a response to the Verified Petition on September 1, 2006.

Subsequent to filing the Verified Petition, Petitioner discovered that Respondent Kuehne and Nagel Ltda. had changed its name to "Kuehne and Nagel Servicos Logisticos." Particularly, Respondent's counsel admitted that Respondent Kuehne & Nagel Ltda. is "now known as Kuehne & Nagel Servicos Logisticos Ltda." *See Respondent's Supplemental Memorandum of Law, 1.* Furthermore, Respondent's counsel stated that "KN Servicos Logisticos was involved in the transaction at issue here." *See Respondent's Supplemental Memorandum of Law, fn. 1; Peterson Declaration,* ¶7.

In light of the foregoing, it is evident that "Kuehne & Nagel Ltda. (Brazil)" and "Kuehne & Nagel Servicos Logisticos Ltda," are one and the same, thus justifying the amendment of the Petition. In addition, Respondent is referred to as Kuehne and Nagel Ltda., Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos Ltda. alternatively. *See Exhibits "1" and "2" annexed to the Affidavit of Nancy R. Peterson dated December 8, 2006 and Exhibit "C" annexed to the accompanying Declaration of Nancy R. Peterson.* Thus, pursuant to the instant motion for leave to file an amended Verified Petition, Petitioner would seek to amend the name of the Respondent Kuehne and Nagel Ltda. to

read Kuehne and Nagel Ltda., a/k/a. Kuehne and Nagel Servicos Logisticos Ltda., KN Servicos de Logistica Ltda., and Kuehne & Nagel Servicio Logisticos Ltda.

## ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 271 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires.

Here, the opposing party can show no prejudice, bad faith or undue delay. Now that Respondent's counsel has clarified the relationship between Kuehne and Nagel Ltda. (Brazil) and Kuehne and Nagel Servicos Logisticos, Petitioner is seeking to amend its Petition. In addition, Respondent will not be prejudiced by Petitioner's amended Verified Petition because the Petitioner is entitled to the remedy of ex-parte attachment and garnishment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure whether or not the pleadings recognize that Respondent is also known as Kuehne and Nagel Servicos Logisticos. Petitioner's right to attach Respondent's funds in New York would remain unaffected by the proposed change. Moreover, Respondent will incur no additional expenses in defending against the amended Petition, as nothing of substance would be changed.

Petitioner submits a proposed amended Verified Petition and Affidavit together with this motion. *See Exhibits "A" and "B" annexed to the accompanying Peterson Declaration.*

## CONCLUSION

For all of the foregoing reasons, Petitioner's request for leave to file an amended verified Petition should be granted.

The Petitioner,
SEAMOUNT INTERNATIONAL
ASSOCIATION LTD.

By: /s/ *signature*
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025
(212) 869-0067 fax
npeterson@tisdale-lennon.com
plennon@tisdale-lennon.com

## CERTIFICATION OF SERVICE

Nancy R. Peterson, an attorney duly admitted to practice before this Honorable Court, affirms as follows: The foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PETITION will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Nancy R. Peterson